Manisha Daryani (SBN 272992)
Law Offices of Beles & Beles
1 Kaiser Plaza, Suite 2300
Oakland, CA 94612
beleslaw@yahoo.com

Attorney for Owen Dunn

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>       vs.<br><br>Owen Dunn,<br><br>              Defendant | Case No.: 3:19-cr-00496-WHA<br><br><br>Owen Dunn's Sentencing Memorandum |

### Sentencing Memorandum

Though this is an open plea, the defense agrees with the probation officer's calculation of the offense level and criminal history. The defense submits this sentencing memorandum to assist the court in its determination of a sentence that is sufficient, but not greater than necessary, to promote the goals of Congress as established in 18 U.S.C. §3553.

Based on the history and characteristics of the offense, and the arguments below, the defense respectfully recommends downward variance from the guidelines for a total sentence of twenty-seven (27) months.

### I. Argument

The Sentencing Guidelines are no longer mandatory, and Courts have been given broad discretion to consider various factors under 18 U.S.C. § 3553(a) to arrive at an appropriate sentence.  *States v. Booker*, 543 U.S. 220, 260-61 (2005); *Gall v. United States*, 552 U.S. 38, 59 (2007). The sentencing framework provided in 18 U.S.C. § 3553(a) requires this Court to

"impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of that provision.  Those purposes include:

> (2)    the need for the sentence imposed–
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).  In fashioning a sentence with these goals in mind, the Court must also consider various factors, including the nature and circumstances of the offense and the history and characteristics of the defendant, the available sentencing options and the need to provide restitution to any victims.  18 U.S.C. § 3553(a)(1)-(7).

In determining the appropriate sentence, the Court must first calculate the Guideline range, "and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors . . . .  explaining any variance from the former with reference to the latter."  *Nelson v. United States*, 555 U.S. 350, 351 (2009) (per curiam).

**A.  Guideline Range**

**Mr. Dunn agrees with the Offense Level Computation**

The Combined Adjusted Offense Level in this case is twenty-two (22), given the large disparity in levels between the two offenses. USSG § 3D1.4.  In other words, the gun charge is dictating the offense level.

There is a reduction of 2 levels pursuant to USSG §3E1.1(a) for defendant's Acceptance of Responsibility for the offense. Also, because defendant accepted responsibility by timely notifying authorities of his intention to enter a plea of guilty, the offense level is further decreased by one additional level pursuant to USSG § 3E1.1(b).  Therefore, the total offense level is nineteen (19).  The defense otherwise has no objection to the probation officer's offense level calculation.[1]

**Mr. Dunn agrees with the Criminal History Category Computation**

According to the probation officer's PSR report, Mr. Dunn's criminal history results in a total criminal history score of 8, in part because the instant offenses were committed while on Supervised Release, which added two points.

According to the sentencing table in USSG Chapter 5, Part A, a criminal history score of 8 establishes a criminal history category of IV. The defense otherwise has no objection to the probation officer's criminal history category calculation.

**B.  Section 3553(a) Factors**

This case presents a combination of factors that warrant a total sentence of twenty-seven (27) months. Such a sentence is a reasonable one, and one that is sufficient but not greater than necessary to effectuate the goals of sentencing. There are several reasons why the requested sentence is warranted in this case:

---

[1] The defense agrees with the conclusion that an adjustment for obstruction of justice is not warranted under these circumstances. The defense asserts that Mr. Dunn's actions do not meet the "reckless" element of U.S.S.G. §3C1.2. (See *United States v. Reyes-Oseguera*, 106 F.3d 1481, 1484. (9th Cir. 1997), see also *United States v. Garcia*, 909 F.2d 389, 390-91 (9th Cir. 1990).)

### 1.   Mr. Dunn's Characteristics and Nature of the Offense.

The defense acknowledges that Mr. Dunn has a long criminal history, and is no stranger to this Court, but asserts that Mr. Dunn experienced a drug relapse that appears to have factored significantly into the instant offenses.

Conceding that Mr. Dunn successfully completed a Residential Drug Abuse Program while previously in federal custody in 2014, the circumstances of Mr. Dunn's conduct on supervised release and the instant offenses nevertheless indicate a clear relapse. While on supervised release, Mr. Dunn used controlled substances on several occasions and failed to participate in a program for testing and treatment. (PSR, pg. 18.) Coupled with what appears to have been trouble obtaining employment immediately after his release in January 2019, Mr. Dunn began using once again.

Yet, Mr. Dunn did not flee or otherwise shirk the consequences of his actions. After his arrest on August 8, 2019, despite knowing that a revocation of his supervised release was likely[2], Mr. Dunn continued to make his subsequent appearances in state court.

More importantly, Mr. Dunn returned the firearm he subsequently took from a customer's car, reflecting an acknowledgement of his wrongdoing and an attempt to rectify it.

**Nature of the Offense**

The instant offenses stem from Mr. Dunn's unfortunate decision to break the law to support his habit. Mr. Dunn was clearly is a low-level distributor, as seen from the quantity of drugs he was arrested with. The defense adds that had the Indictment just involved the drugs, that Mr. Dunn's total offense level would have been ten (10) – a base offense level of (12) with a reduction of 2 levels pursuant to USSG §3E1.1(a). As such, the guideline range would have been 15 to 21 months.

---

[2] Mr. Dunn reported that he advised his probation officer about his arrest.

Furthermore, though Mr. Dunn did subsequently steal a gun from a customer's car while working at Toyota, everything was returned on Mr. Dunn's own volition within 48 hours. Mr. Dunn was then arrested, without incident, six days later.

**2.   A total sentence of twenty-seven (27) months is sufficient to address issues of deterrence and public safety.**

Mr. Dunn pled open, knowing full well that this Court is familiar with his prior conduct and has full discretion to sentence him on the Superseding Indictment and impose a consecutive revocation sentence. Though Mr. Dunn makes no excuses for his conduct, he is requesting a sentence less than the guideline range of 46 to 57 months.

The defense is proposing the twenty-seven (27) months as follows: per Revocation Table USSG § 7B1.4, an individual who has criminal history category of IV and commits a Grade A violation while on supervised release can be sentenced to a range of 24-30 months.

As noted above, the offense level calculation is dictated almost exclusively by the gun charge, a charge that began as a Form 12, and was subsequently included in the Superseding Indictment. Notably, the same procedural history holds true for the drug charges - the conduct was initially charged as Form 12 violation.

Consequently, while Mr. Dunn acknowledges that he engaged in criminal conduct, the defense requests that his conduct be assessed in line with the guidelines for violations, which would achieve a reasonable total punishment for the offense and better promote the purposes of sentencing, as set forth in § 3553(a). As such, this Court, for example, could order a term of imprisonment of 15 months in the instant case, which is the low end of the guidelines has the Indictment just been for the drugs, and a consecutive 12 months for the revocation on the drugs and the gun, a gun that Mr. Dunn possessed for a grand total 48 hours and returned. Be that as it may, the aggregate result of sentence of a twenty-seven (27) months would then be a sentence

congruous with the guidelines recommendation for a revocation. Likewise, given that Mr.
Dunn's conduct stems from his relapse, this Court could order, as a condition of supervised
release, that Mr. Dunn be placed in an inpatient rehabilitation facility.

## II. Conclusion

Since his arrest, Mr. Dunn has articulated remorse for his actions and a motivation to
change. The defense asserts that the proposed total sentence of twenty-seven (27) months of
custodial time is both a significant sentence but is not greater than necessary to ensure that
whatever rehabilitation efforts may be made available to Mr. Dunn are sufficient to address his
underlying substance abuse issues.

Moreover, Mr. Dunn fully understands the consequences of his actions, which is why he
chose to pled open. Imposing a total sentence of twenty-seven (27) months will acknowledge the
severity of the offenses and any concerns of public safety, while recognizing Mr. Dunn's age and
his attempts to rectify his wrongs, and allows Mr. Dunn the opportunity to demonstrate that he
can kick his habit once and for all.[3]

Dated this June 30, 2020

/s/ Manisha Daryani
MANISHA DARYANI
Attorney for Owen Dunn

---

[3] One that he is further motivated to address with the newfound support system of his fiancé.

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the Northern District of California by using the CM/ECF system on June 30, 2020.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Signature:  /s/ Manisha Daryani